IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-mj-77-WC |
| | ) | |
| KELVIN LAMAR CRENSHAW | ) | |

**OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION**

NOW COMES, the defendant, Kelvin Lamar Crenshaw, through undersigned counsel, Joseph P. Van Heest, in opposition to the United States' motion for detention, and in support of the opposition, states the following:

**CASE HISTORY AND PROCEDURAL BACKGROUND**

Mr. Crenshaw was arrested and charged with one count of distribution of a controlled substance (cocaine base), in violation of 21 U.S.C. § 841(a)(1). The charge arises out of an investigation and controlled buy of 3.8 grams of crack cocaine for $130.00, on December 19, 2006. Mr. Crenshaw was not arrested until August 2007, despite his whereabouts being known to law enforcement since December 19, 2006. Despite the fact that the government has been aware of this alleged controlled purchase, it did not take any action to charge Mr. Crenshaw for over eight months and still has not presented the matter to a grand jury.

Mr. Crenshaw was arrested on the federal complaint on August 23, 2007, and appeared in court on August 24, 2007. His detention hearing is set for 1:30 pm, Tuesday, August 28, 2007.

**LEGAL ARGUMENT**

The Bail Reform Act of 1984, at 18 U.S.C. § 3142(a) provides a judicial officer with

four options when a defendant appears before the court charged with an offense. The judicial officer can (1) release the defendant on his own recognizance or upon the execution of an unsecured appearance bond under § 3142(b); (2) release the defendant on a condition or combination of conditions under § 3142(c); (3) temporarily detain the defendant to permit revocation of conditional release, deportation, or exclusion under § 3142(d); or (4) detain the defendant under § 3142(e). In this case the government has moved to detain the defendant Kelvin Crenshaw pursuant to § 3142(e) and (f). Section 3142(e) provides that "[i]f after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

     Section 3142(e) further provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as is required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) ...." The government has charged Mr. Crenshaw in the Complaint with distribution of a controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. The government is entitled to the presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Crenshaw and the safety of the community. That presumption is not conclusive; it can be rebutted. Mr. Crenshaw has rebutted the presumption.

***\*\*\*\* this is brought on a complaint, not an indictment \*\*\*\****

There can be no question that a grand jury indictment is sufficient to establish probable cause to trigger the statutory rebuttable presumption of detention. *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985) ("Thus we hold ... that an indictment is sufficient to demonstrate probable cause, creating a rebuttable presumption of flight under the terms of Section 3142(e)."), *modified on other grounds in United States v. King*, 849 F.2d 485, 490-91 (11th Cir. 1988). The indictment, however, is insufficient to justify detention. In *Hurtado*, the United States Court of Appeals for the Eleventh Circuit, quoted and cited the legislative history as follows:

> The indictment, coupled with the government's request for detention is a sufficient basis for requiring *an inquiry* into whether detention may be necessary .... Congress left the resolution of this question to the sound judgment of the courts by acting on a case by case basis. The showing of probable cause (by means of an indictment) *may* be enough to justify detention if the defendant fails to meet [her] burden of production, or if the government's showing is sufficient to countervail the defendant's proffer, ... but it will *not necessarily* be enough, depending upon whether it is sufficient to carry the government's burden of persuasion.

*Hurtado, supra*, 779 F.2d at 1478 (internal quotations and citations omitted) (emphasis in original). The statute, thus, contemplates a three-step process. First, the government establishes probable cause for the offense triggering the rebuttable presumption. Then the defendant has the burden of *production* which he can meet by proffering evidence that there is a condition or combination of conditions that will assure his appearances as required and the safety of the community.[1] The government then has the ultimate burden

---

[1] The burden of production is that there are no condition or combination of conditions that will reasonably assure the defendant's appearance as required or the

of *persuasion or proof* that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. *Id.*; *United States v. King*, 849 F.2d at 488 ("We note, however, that this statutory presumption imposes only a burden of production on [the defendant] and does not shift the burden of persuasion concerning risk of flight and dangerousness."); *United States v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990) ("The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion.")

The government has the burden of proof by a preponderance of the evidence that no condition or combination of conditions will assure the required appearances of the defendant. *United States v. King*, 849 F.2d at 489 (citing *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)). This preponderance of evidence standard in pretrial detention matters ought not be the "tips the scales slightly test" applied in civil cases, but a "clear preponderance" test. *United States v. Chen*, 820 F.Supp. 1205, 1208 (N.D. Cal.1992). The government also has the burden of proof by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community. 18 U.S.C.

---

safety of the community. 18 U.S.C. § 3142(e). Thus, even if a defendant is a risk of flight or a danger to the community, the court must set bail if the government has not met its ultimate burden of persuasion that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. These conditions are delineated in 18 U.S.C. § 3142(c)(1) including the catch-all condition of 18 U.S.C. § 3142(c)(10)(xiv). *Cf. United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990) ("But if the finding of dangerousness withstands scrutiny, we must then look *at the particular conditions imposed by the district court* to determine the likelihood that, upon the defendant's release, public safety will nevertheless be reasonably assured.") Of course, here Mr. Crenshaw has produced evidence that demonstrates that he is neither a risk of flight nor a danger to the community; and has further demonstrated that there is a combination of conditions which will assure his appearance and the safety of the community.

4

§ 3142(f)(2) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person or the community shall be supported by *clear and convincing evidence*.") (emphasis added); *United States v. Medina*, 775 F.2d at 1402; *United States v. King*, 849 F.2d at 488.

In order to meet the burden of production in rebuttal of the presumptions, a defendant may "come forward ... with evidence to suggest that he is either not dangerous or not likely to flee if turned loose on bail." *Hurtado*, 779 F.2d at 1478. A defendant has "wide latitude" in the methods he uses to rebut the presumptions, including the calling of witnesses and the presenting of information by proffer or otherwise. *Id.* at 1479 (citing 18 U.S.C. § 3142(f)). The defendant's "burden of production is not a heavy one to meet." *United States v. Dominquez*, 783 F.2d 702, 707 (7th Cir. 1986).

While Congress in enacting the Bail Reform Act of 1984 may have been concerned that those accused of drug trafficking may pose a particular threat of flight, "this generalization cannot inflexibly be applied in every case...." *United States v. Giampi*, 755 F.Supp. 655 (W.D. Pa. 1995). This case only involves one sale of 3.8 grams of cocaine base over eight months earlier – hardly the kind of drug trafficking warranting a finding of dangerousness to the community which can not be overcome with conditions. Some courts have interpreted "dangerousness" under the Bail Reform Act to mean the risk that the defendant will engage in drug trafficking once he has been released. *See e.g. Untied States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985). The statute does not provide, and the legislative history does not suggest, that once a defendant is indicted for a drug trafficking

offense, he must be detained. Indeed, the legislative history on the issue is pellucid:

> The Committee has determined that whenever a person is charged with one of these offenses and the attorney for the government elects to seek pretrial detention, a hearing should be held so that the judicial officer will focus on the issue of whether, in light of the seriousness of the offense charged and other factors to be considered under subsection (g), any form of conditional release will be adequate to address the potential danger the defendant may pose to others if released pending trial. *Because the requirements of subsection (e) must be met before a defendant may be detained, the fact that the defendant is charged with an offense in subsection (f)(1)(A) through (C) is not, in itself, sufficient to support a detention order.* However, the seriousness of the offenses described in subsection (f)(1)(A) through (C) coupled with the government motion is a sufficient basis for requiring an inquiry into whether detention may be necessary to protect the community from the danger that may be posed by a defendant charged with one of these crimes.

1984 U.S. Code Cong. & Admin. News 3182, 3204.

The Eleventh Circuit concurs:

> [T]he indictment is not conclusive; the government may not merely come before the trial court, present its indictment, and thereby send the defendant off to jail, foreclosing any further discussion. Rather the defendant still must be afforded the opportunity for a hearing to meet his burden of production, leaving the government with the ultimate burden of persuasion.

*Hurtado*, 779 F.2d at 1478.

Indeed, it was "Congress's clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) (citing S. Rep. No. 225, 98th Cong., 2d Sess. 4-12, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3189). Mr. Crenshaw is not among the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release cannot reasonably assure the safety of the community or other persons." S. Rep. No. 225, *supra*, 1984 U.S. Code Cong. &

Admin. News at 3189. It is important to remember that in upholding the constitutionality of the Bail Reform Act the Supreme Court noted that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 2105 (1987).

In determining whether the government has met its burden of proof the judicial officer shall take into account the factors listed in Section 3142(g) of the Act. These factors are:

> (1) The nature and circumstances of the offenses charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including —
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record of appearances at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release ....

18 U.S.C. § 3142(g).

## **ANALYSIS OF LAW TO FACTS**

Mr. Crenshaw has lived his entire life in Hayneville, Lowndes County, Alabama. Not only is he a life long resident but those with whom he has lived and, if released, would continue to live, are also life long residents of Lowndes County, Alabama. If permitted to be released, Mr. Crenshaw would reside at 194 Main Street Hayneville, Alabama.

If permitted to be released, Mr. Crenshaw would live with his mother, Ms. Alfreda Crenshaw, his grandmother, Ms. Clemmie Crenshaw, his Aunt Shirley Crenshaw, and his sister Tiffany Crenshaw, on the property at 194 Main Street. Mr. Crenshaw's mother, grandmother, and aunt all work as Certified Nursing Assistants at Orchard Health Care in Hayneville, next to the Lowndes County Jail.

Mr. Crenshaw was cooperative with law enforcement at the time he was arrested in August 2007. A search of his residence turned up no illegal drugs or other items tied to drug dealing. No information has been provided to suggest that drugs are stored or drug dealing is conducted out of that residence.

Mr. Crenshaw is not a risk of danger to any person or the community. While drug dealing is recognized by the court as a danger to the community, one must remember that this case involves one sale of less than five grams of crack cocaine over eight months ago. The government's argument that Mr. Crenshaw must be detained now that he has been arrested lacks credibility when it is based on one relatively small sale of drugs of which the government was aware at the time that it happened and took no action to protect the community for eight months. Moreover, the government has not provided any additional information to demonstrate that Mr. Crenshaw is a danger to the community other than that he has now been charged.

There is no reason to believe Mr. Crenshaw would pose a risk to any person or to the community if released. He is willing to submit to electronic monitoring which would both alleviate a risk of flight, and assure his whereabouts, thus permitting a pretrial services officer to monitor him and remove any concern about drug dealing.

The United States Pretrial Services Office now has two types of electronic monitoring available. In addition to the traditional electronic monitoring device, the Pretrial Services Office also has a monitor with GPS (Global Positioning Satellite) tracking abilities which would inform that office of Mr. Crenshaw's actual whereabouts at all times. The Court could certainly fashion a combination of conditions which would protect the community and at the same time alleviate any fear of his being a risk of flight.

## **CONDITIONS PROPOSED BY THE DEFENDANT**

Mr. Crenshaw offers the following conditions which he believes the Court can agree will reasonably assure his appearance and protect the community:

(1)   release on recognizance or unsecured bond;

(2)   refrain from use of alcoholic beverages and controlled substances;

(3)   submit to random or regular drug testing as directed by the pretrial services officer

(4)   contact pretrial services officer telephonically on daily basis

(5)   contact pretrial services officer in person on weekly basis

(6)   reside with his mother, grandmother, aunt, and sister as third-party custodians

9

(7) if the court deems necessary, submit to house arrest with electronic monitoring, except when allowed to work, go to church, or go to court or meet with his lawyer in the instant case, other times specifically permitted by the pretrial services officer,

(8) limit Mr. Crenshaw's travel to the Middle District of Alabama, unless specifically approved by the pretrial services officer,

(9) any other condition that the Court feels appropriate and necessary to meet the need of the Bail Reform Act.

## **CONCLUSION**

For the reasons stated above, as well as those which will become known at the detention hearing, the Court should deny the government's motion for detention, and grant Mr. Crenshaw release. In the alternative, the Court should permit the defendant leave to reopen the issue of detention at a later time, after identifying the conditions which would satisfactorily allay any concerns the Court may have.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

10

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christa D. Deegan, Esq., Assistant U. S. Attorney, P.O. Box 197, Montgomery, Alabama  36101-0197.

        Respectfully submitted,


        s/Joseph P. Van Heest
        **JOSEPH P. VAN HEEST**
        LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
        Post Office Box 4026
        402 South Decatur Street
        Montgomery, AL 36103-4026
        Phone: (334) 263-3551
        Fax: (334) 263-3227
        jpvanheestcourts@bellsouth.net
        AL Bar Code: VAN026